UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN E. HANN,<br><br>            Plaintiff,<br><br>      v.<br><br>HARMON, et al.,<br><br>            Defendants. | Case No.: 1:15-cv-00396-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILUE TO EXHAUST PRIOR TO FILING SUIT<br><br>(ECF No. 1)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Evan E. Hann, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 12, 2015.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002).

In his complaint, Plaintiff concedes that while he filed a grievance, the process has not yet been completed.  (ECF No. 1, Comp., p. 2.)  Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.  <u>See</u>, <u>e.g.</u>, <u>Albino v. Baca</u>, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint it may be dismissed for failure to state a claim); <u>Lucas v. Director of Dept. of Corrections</u>, 2015 WL 1014037, *4 (E.D. Cal. Mar. 6, 2015) (relying on <u>Albino</u> and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated:   **May 4, 2015**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE