UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN E. HANN,<br><br>  Plaintiff,<br><br>  v.<br><br>HARMON, et al.,<br><br>  Defendants. | Case No.: 1:15-cv-00396-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(ECF Nos. 1, 9) |

Plaintiff Evan E. Hann, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 12, 2015. Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 6.)

On May 4, 2015, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to exhaust his administrative remedies prior to filing this action. The Court ordered Plaintiff to submit a response within twenty-one (21) days following service. (ECF No. 9.) Twenty-one days have passed and Plaintiff has not filed a response.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §
2  1915(e)(2)(B)(ii).
3       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
4  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined
5  in any jail, prison, or other correctional facility until such administrative remedies as are available are
6  exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative
7  remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v.
8  Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief
9  sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.
10 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison
11 life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002).
12      In his complaint, Plaintiff concedes that while he filed a grievance, the process has not yet been
13 completed.  (ECF No. 1, Comp., p. 2.)  Plaintiff has not presented any argument demonstrating that he
14 should be excused from the exhaustion requirement.  Thus, it appears Plaintiff filed suit prematurely
15 without first exhausting his administrative remedies in compliance with section 1997e(a).
16      In rare cases where a failure to exhaust is clear from the face of the complaint, it may be
17 dismissed for failure to state a claim.  See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014);
18 Lucas v. Director of Dep't of Corrections, 2015 WL 1014037, *4 (E.D. Cal. Mar. 6, 2015) (relying on
19 Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust
20 administrative remedies prior to filing suit).
21      Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's
22 failure to exhaust administrative remedies prior to filing suit.
23 IT IS SO ORDERED.

Dated:   **May 29, 2015**            /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

2